1   Adam Lamb (admitted *Pro Hac Vice*)
        alamb@FoxRothschild.com
2   FOX ROTHSCHILD LLP
3   2 S. Biscayne Boulevard, Suite 2750
    Miami, FL 33131
4   Tel:   305-442-6558

5   Jeff Grant (SBN 218974)
        jgrant@FoxRothschild.com
6   FOX ROTHSCHILD LLP
7   Constellation Place
    10250 Constellation Boulevard, Suite 900
8   Los Angeles, CA 90067
    Tel:   310-598-4150
9

10  Attorneys for Defendants TIERO LLC and
    SAJAD ZALZALA, M.D. and Counter-
11  plaintiff, TIERO LLC

12
                    UNITED STATES DISTRICT COURT
13
                    CENTRAL DISTRICT OF CALIFORNIA
14

15

16  KAISER FOUNDATION HEALTH         | Case No.: 2:23-CV-09191-KS
    PLAN, INC.,                       | Hon. Karen L. Stevenson
17              Plaintiff,            | **DEFENDANT AND COUNTER-
        v.                            | PLAINTIFF TIERO LLC'S
18                                    | COUNTERCLAIMS**
    TIERO LLC, SAJAD ZALZALA, M.D.    |
19                                    |
                Defendants.           |
20  TIERO LLC,                        | Complaint Filed:    10/30/23
                                      | Discovery Cutoff:   12/13/24
21              Counter-plaintiff,    | Trial Date:         5/6/25
        v.                            |
22                                    |
    KAISER FOUNDATION HEALTH          |
23  PLAN, INC.,                       |
24              Counter-defendant.    |

25

26

27

28
                                    1
                              **COUNTERCLAIMS**

160833742.1

Counter-Plaintiff TIERO LLC ("Tiero"), through undersigned counsel, files this Counterclaim against, KAISER FOUNDATION HEALTH PLAN, INC. ("Defendant" or "Kaiser"), and state as follows:

## COUNTERCLAIM

Defendant/Counter-Plaintiff, Tiero, LLC ("Tiero"), through undersigned counsel, sues Counter-Defendant/Plaintiff Kaiser Foundation Health Plan, Inc. ("Kaiser") and alleges:

1.      Counter-Plaintiff Tiero is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

2.      Counter-Defendant Kaiser is a nonprofit health care service plan incorporated in the state of California.  Kaiser's principal place of business is One Kaiser Plaza, Oakland, California 94612.

3.      The Counterclaims asserted herein are compulsory in nature.  They arise out of or relate to the claims raised in the Complaint, some of the same evidence will support or refute the claims asserted herein, and there is a logical relationship between the claims and the counterclaims.

4.      Notwithstanding that the claims are compulsory counterclaims, this Court has jurisdiction under diversity of citizenship pursuant to 28 U.S.C. §1332 because Counter-Plaintiff Tiero and Counter-Defendant Kaiser are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

## FACTUAL BACKGROUND

6.      Tiero is company which facilitates the supply of at-home COVID-19 test kits to customers.  Tiero assisted its customers in submitting claims to their insurance companies so that they could receive the test kits promptly and at no out-of-pocket cost.  Tiero's services assisted customers so that they could avoid the

2

**COUNTERCLAIMS**

160833742.1

1   often confusing, complex, and time-consuming task of submitting a claim to the

2   insurance companies on their own to obtain the test kits.

3          7.      Users would order their COVID-19 test kits on Tiero's website

4   providing Tiero with their insurance information.  Tiero would purchase the test

5   kits for its customers, coordinate the shipping of the test kits, and collect payment

6   for the test kits directly from the customer's insurance company.

7          8.      Section 6001(a) of the Families First Coronavirus Response Act (the

8   "FFCRA") generally requires group health plans and health insurance issuers

9   offering group or individual health insurance coverage, including grandfathered

10  health plans, to provide benefits for certain items and services related to testing for

11  the detection of SARS-CoV-2 (the virus that causes [COVID-19]) or the diagnosis

12  of COVID-19.  Under the FFCRA, plans and issuers must provide this coverage

13  without imposing any cost-sharing requirements (including deductibles,

14  copayments, and coinsurance), prior authorization, or other medical management

15  requirements.

16         9.      In January 2022, pursuant to FFCRA's implementation provision and

17  per announcement by President Biden on December 2, 2021, the federal

18  government mandated that private health insurers, including Kaiser, cover the cost

19  of up to eight (8) at-home COVID-19 tests for their members each month (known

20  as the "Biden Mandate").[1]  That policy was based on research demonstrating that

21  frequent testing is an effective means of reducing the spread of the COVID-19

22  virus.  Tiero's website permitted users to submit their insurance information and

23  obtain their at-home COVID-19 test kits as contemplated by the Biden Mandate.

24  Under the Biden Mandate, individuals who purchase home tests outside of their

25  ─────────────────────

26  [1]  *See* The White House, Fact Sheet: The Biden Administration to Begin
    Distributing At-Home, Rapid COVID-19 Tests to Americans for Free,
    https://www.whitehouse.gov/briefing-room/statements-releases/2022/01/14/fact-

27  sheet-the-biden-administration-to-begin-distributing-at-home-rapid-covid-19-tests-
    to-americans-for-free/ ("Testing is an important tool to help mitigate the spread of

28  COVID-19").

**COUNTERCLAIMS**

160833742.1

insurers' preferred network must be reimbursed up to $12 per test, but plans can "provide more generous reimbursement up to the actual price of" more pricey tests, according to the guidance.[2]

10.    During the time frame of January 2022 to May 11, 2023, Tiero submitted claims to Kaiser seeking payment for Covid-19 test kits that Tiero had purchased for and shipped to Kaiser's insureds who had registered for and ordered the tests on Tiero's website.

11.    During the foregoing time period, Tiero submitted 9,494 claims for Covid-19 test kits that Tiero had purchased for and shipped to Kaiser's insureds who had registered for and ordered the tests on Tiero's website, but for which Kaiser rejected the claim in violation of the Biden Mandate.  Under the Biden Mandate, at a minimum, Kaiser was required to pay $12 per test kit.

12.    As a result of Kaiser's wrongful actions, Tiero was deprived of at least $911,424 for unreimbursed Covid-19 test kits at the $12 per test measure.

13.    All conditions precedent to the maintenance of this action have occurred, been performed, or been waived.

## COUNT I – VIOLATION OF BIDEN MANDATE

14.    Tiero incorporates the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

15.    Between January 2022 and May 2023, Tiero submitted claims to Kaiser regarding Covid-19 test kits that Tiero had purchased for and shipped to Kaiser's insureds who had registered for and ordered the tests on Tiero's website.

16.    Under the Biden Mandate, individuals who purchase home tests outside of their insurers' preferred network must be reimbursed up to $12 per test, but plans can "provide more generous reimbursement up to the actual price of" more pricey tests, according to the guidance.

---

[2] *See*, https://www.politico.com/news/2022/01/10/biden-administration-at-home-covid-tests-reimbursement-526853.

**COUNTERCLAIMS**

160833742.1

17.    Kaiser wrongfully rejected 9,494 valid claims that Tiero submitted for Covid-19 test kits purchased for and shipped to Kaiser's insureds who had registered for and ordered the tests on Tiero's website.

18.    Kaiser's wrongful rejection of these claims violated the Biden Mandate.

19.    As a direct and proximate result of Kaiser's actions, Tiero has been damaged.

### COUNT II - UNJUST ENRICHMENT/RESTITUTION
### (Alternative Claim)

20.    Tiero incorporates the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

21.    As set forth herein, Tiero pleads, in the alternative, in the event it is determined that Tiero's claims under the Biden Mandate are not enforceable in whole or in part, Kaiser is nevertheless liable under the equitable doctrine of unjust enrichment.

22.    As set forth herein, Kaiser received a benefit when Tiero purchased for and shipped Covid-19 tests kits to Kaiser's insureds who had registered for and ordered the tests on Tiero's website.

23.    It would be against equity and good conscious to permit Kaiser to retain the benefits of the test kits that Tiero purchased for and shipped to Kaiser's insureds without payment, especially in light of the Biden Mandate's requirement that Kaiser pay at least $12 per test kit.  Under the circumstances, it would be unjust for Kaiser to retain this benefit.

24.    Kaiser's conduct in connection with the failure to provide payments for the test kits at issue was inequitable and unlawful, as set forth above.

25.    Accordingly, in equity and good conscience, Tiero is entitled to payment for the test kits it purchased and shipped to Kaiser's insureds, for at least $12 per test kit as required by the Biden Mandate, under the foregoing

**COUNTERCLAIMS**

160833742.1

1   circumstances.

2          WHEREFORE, Counter-Plaintiff Tiero, LLC prays and requests that this

3   Court:

4          a)     Award Tiero damages against Kaiser for failure to pay the subject

5   valid claims submitted for Covid-19 test kits for damages in an amount to be

6   determined at trial but at least $911,424.00;

7          b)     In the alternative, award Tiero damages against Kaiser for unjust

8   enrichment/restitution for the subject Covid-19 test kits in an amount to be

9   determined at trial but at least $911,424.00;

10         c)     Award Tiero its costs, pre-judgment, and post-judgment interest

11  regarding the damages award; and

12         d)     Grant such other and further relief as this Court deems just and proper.

13  Dated:  July 22, 2024.

                                              FOX ROTHSCHILD LLP

14

15                                            */s/ Adam J. Lamb*

16                                            Adam J. Lamb (admitted *PHV*)
17                                            2 S. Biscayne Boulevard, Suite 2750
                                              Miami, FL 33131
18                                            alamb@foxrothschild.com

19
                                              Jeff Grant (SBN 218974)
20                                            10250 Constellation Blvd, Ste 900
                                              Los Angeles, CA 90067
21                                            jgrant@foxrothschild.com

22

23                                            *Attorneys for Defendants Tiero, LLC*
                                              *and Sajad Zalzala, M.D.*
24

25

26

27

28

                                        6
                               **COUNTERCLAIMS**

160833742.1

1

## <u>CERTIFICATE OF SERVICE</u>

2

3    WE HEREBY CERTIFY that on this 22nd day of July 2024, a true and correct copy of the foregoing was served via ECF on: John T. Brooks, Esq., JBrooks@sheppardmullin.com; John F. Burns, Esq., JBurns@sheppardmullin.com; Samuel Duimovich, Esq., SDuimovich@sheppardmullin.com; Megan K. McKisson, Esq., MMcKisson@sheppardmullin.com; and Robert Winson, Esq., RWinson@sheppardmullin.com, Sheppard, Mullin, Richter & Hampton, LLP, 501 West Broadway, 18th Floor, San Diego, CA 92101-3598.

4

5

6

7

8

9                                          */s/ Adam J. Lamb*
                                            ADAM J. LAMB *(pro hac vice)*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**COUNTERCLAIMS**

160833742.1